# THE STATE OF NEW HAMPSHIRE

# SUPREME COURT

**In Case No. 2021-0326, <u>James Chaney & a. v. Route 111 Auto Sales</u>, the court on April 6, 2022, issued the following order:**

Having considered the briefs and record submitted on appeal, we conclude that oral argument is unnecessary in this case. <u>See</u> <u>Sup. Ct. R.</u> 18(1). The defendant, Route 111 Auto Sales of Hampstead, LLC,[1] appeals an order of the Circuit Court (<u>Alfano</u>, J.) entering judgment in favor of the plaintiffs, James Chaney and Brian Baker, in a small claims action to recover the purchase price of a used vehicle sold to them by the defendant. We affirm.

A brief summary of the evidence follows. In October 2019, the plaintiffs purchased a used pickup truck from the defendant for $7,095. Prior to the purchase, the defendant took the plaintiffs on a test drive, and, drawing their attention to a recent Massachusetts state inspection sticker still applied to the vehicle, represented that the truck would not have any trouble passing a New Hampshire state inspection. After the plaintiffs agreed to purchase the truck, the defendant provided them with a bill of sale, which they used to obtain financing for the purchase. Thereafter, the defendant, for the first time, presented the plaintiffs with several documents informing them that the truck was an unsafe motor vehicle and would not pass a New Hampshire state inspection and emissions test. The defendant had also presented the plaintiffs with a warranty disclaimer stating that the truck was being sold "AS IS – WITH ALL FAULTS," and specifically disclaiming all express or implied warranties. The defendant assuaged the plaintiffs' concerns about the paperwork by stating that the documents were merely a formality intended to inform them that, because he did not do state inspections, they would need to have the truck inspected elsewhere. The plaintiffs signed the documents and paid the purchase price.

While driving the truck home, the plaintiffs noticed some mechanical issues and brought it to a mechanic. There they learned that the frame of the truck, which had been repaired with Bondo, was in such poor condition that the mechanic would not risk putting the truck on a lift. Subsequently, after the plaintiffs were unable to have the truck repaired, and after the defendant refused to rescind the transaction, the plaintiffs filed this small claims action.

---

[1] For ease of reference, we use the term "defendant" in this order to refer both to the business entity and its agent and sole owner, Joseph Gerraughty, who represented the entity in the transaction with the plaintiffs and in the subsequent litigation.

Following a hearing, the trial court awarded the plaintiffs damages in the amount of the truck's purchase price: $7,095. The court found, among other things, that the plaintiffs "intended to purchase a working vehicle, and not scrap metal," that the defendant had expressly warranted that the truck would pass a New Hampshire state inspection, and that the purported waiver was insufficient to waive the express warranty in this case. See RSA 382-A:2-313, :2-316 (2011). Alternatively, the trial court found that there was no meeting of the minds between the parties with respect to the condition of the truck. See generally Behrens v. S.P. Constr. Co., 153 N.H. 498, 501-02 (2006) (explaining that there must be a meeting of the minds on all essential terms in order to form a valid contract).

On appeal, the defendant submitted a half-page brief challenging the trial court's order, but not explaining why the trial court's analysis of the disclaimer's enforceability was legally erroneous. As the appealing party, the defendant has the burden of demonstrating that the trial court committed reversible error. Based upon our review of the trial court's order, the defendant's challenges to it, the relevant law, and the record submitted on appeal, we conclude that the defendant has not demonstrated that the trial court committed reversible error.

Affirmed.

MacDonald, C.J., and Hicks, Bassett, Hantz Marconi, and Donovan, JJ., concurred.

**Timothy A. Gudas,
Clerk**